The Honorable Dawn Creekmore State Representative 1837 Scotch Pine Lane Hensley, Arkansas 72065-9024
Dear Representative Creekmore:
I am writing in response to your request for an opinion on whether a particular group or "association" of your constituents is subject to the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to 25-19-109 (Repl. 2002 and Supp. 2003), as amended by Acts 2005, Nos. 259; 1994; and 2003. You relate the following facts and pose the following question:
 This situation is concerning the termination of present service from a local water association and forming their own water association. It is their belief that it would be in their best interest to pull away from their current water association.
 This group has met with the local water association about this situation and has not come to a common ground. This has gone on for a couple of years. This group is not incorporated, however, this association was formed by the local quorum court according to Act 142 of 1975. Although they are authorized to receive public funds, they have not received any public monies, only personal donations. They do not belong to any other associations.
* * *
 Are these gatherings that the interested members are having about forming their own water association required to follow the FOI guidelines?
RESPONSE
If in fact the organization is one "formed by the local quorum court according to Act 142 of 1975" it is my opinion that the answer to this question is "yes," this "group" is required to abide by the FOIA.
Act 142 of 1975 is the "Public Facilities Boards Act." My predecessor had occasion to determine whether a public facilities board is subject to the FOIA in Op. Att'y. Gen. 2001-324. He first set out the applicable definitions in the FOIA before discussing their applicability to public facilities boards as follows:
 Subsection 25-19-106(a), contained within the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 et seq. (Repl. 1996 
Supp. 2001), provides:
 "Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings."
 Subsection 25-19-103(4) of the Code defines the term "public meetings" as follows:
 "`Public meetings' means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus commissions, or organizations in the State of Arkansas supported wholly or in part by public funds or expending public funds."
 Subsection 25-19-106(c)(1) exempts from this requirement "executive sessions" of the following sort:
 "Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee. The purpose of the executive session shall be announced in public before going into executive session."
Section 14-137-114 of the Code provides in pertinent part:
 "It is declared that each public facilities board created pursuant to this chapter will be performing public functions and will be a public instrumentality of the municipality or county creating the board."
 Subsection 14-137-111(a)(1) of the Code further identifies a public facilities board as "a body politic and corporate." Moreover, A.C.A. § 14-137-102(d) expressly identifies as "public financing" the revenues realized from any public facilities board bond issue. Given these legislative pronouncements, notwithstanding its qualified autonomy . . . I believe a public facilities board is clearly subject to the "public meetings" requirement set forth above.
Id. at 20-21.
I agree with this conclusion and in response to your question, therefore, must note that to the extent the "group" to which you refer is indeed a "public facilities board," its meetings are subject to the FOIA. A county "public facilities board" is not an informal association of citizens, but is rather is a governmental entity, with at least its initial members appointed by county judge.[1] It has been stated, based upon the definition of "public meetings" set out earlier herein, that "[t]he FOIA applies to all governmental entities. . . ." Op. Att'y. Gen.2005-067, citing Op. Att'y. Gen. 2002-274. With regard to your assertions about the lack of governmental funding of this "group" the following conclusion, with which I agree, is relevant:
 The FOIA defines "public records" as those "which constitute a record of the performance or lack of performance of official functions which are or should be carried out by . . . a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds." In this regard, the act applies to all governmental entities, whether they are "wholly or partially supported by public funds or expending public funds" or not. Cf. Op. Att'y Gen. 1995-128.
Op. Att'y. Gen. 1999-407 at 2. See also, Watkins and Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (4th Ed. 2004) at 31(stating that "[d]espite the varying phraseology [in A.C.A. § 25-19-103(5)(A); A.C.A. §25-19-106(a) and A.C.A. § 25-19-107(a)] these provisions make plain that all governmental entities in Arkansas, whether state or local in nature, are subject to the FOIA").
A county public facilities board is a governmental entity for purposes of the FOIA. In my opinion, therefore, to the extent your question refers to the gatherings of a "public facilities board" appointed under the provisions of Act 142 of 1975, the answer to your question is "yes" its meetings are subject to the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] In counties with a population of less than 150,000, initial members of a county public facilities board are appointed by the county judge and successor members are appointed either by the county judge or by the "membership of the board's service area." A.C.A. § 14-137-108(a)(3)(A)(i) and (a)(3)(B)(i) (Supp. 2003). In counties with a population of over 150,000, both initial and successor members are appointed by the county judge. A.C.A. § 14-137-108(b)(2) and (3) (Supp. 2003) as amended by Act 1276 of 2005.